BERNHEIMER *v.* ROBERTSON, Collector of Customs.

*(Circuit Court, S. D. New York. April 10, 1889.)*

1. CUSTOMS DUTIES—ACTION TO RECOVER.
The provision of Schedule K of the tariff act of March 3, 1883, for "all manufactures of wool of every description made wholly or in part of wool," (Heyl. Dig. par. 362,) covers all manufactures of wool whether they were made from wool by one step or by two, and covers all articles manufactured of wool which are not elsewhere provided for in the schedule.

2. SAME—CONSTRUCTION OF STATUTE.
"Worsted coatings," or "cotton backed worsteds," being goods of which the face is of worsted and the back of cotton warp and shoddy filling, are dutiable as "manufactures of wool of every description composed wholly or in part of wool," under the provision therefor in Schedule K of the tariff act of March 3, 1883, (Heyl. Dig. par. 362,) and not as manufactures of every description composed wholly or in part of worsted, (except such as are composed in part of wool,) under the succeeding provision of the same schedule in the act, (Heyl. Dig. par. 363.)

At Law.

This was an action against a former collector of the port of New York to recover duties alleged to have been exacted in excess of the lawful rate on certain goods known in trade as "worsted coatings" or "cotton backed worsteds." The evidence showed that these goods had a face of worsted and a back of cotton warp and shoddy filling; that shoddy was a substance made by tearing into shreds woolen or worsted rags; and that the goods were worth less than 80 cents per pound. The goods had been returned by the appraiser as "manufactures of wool, worsted, and cot-

ton," and the collector had classified them as "manufactures of wool," and assessed the duties accordingly. The importer claimed in his protest that the goods were "manufactures of worsted," and so dutiable. At the close of plaintiff's testimony counsel for defendant moved that a verdict be directed for defendant.

*Charles Curie, Edwin B. Smith*, and *Stephen G. Clarke*, for plaintiff.

*Stephen A. Walker*, U. S. Atty., and *W. Wickham Smith*, Asst. U. S. Atty., for defendant.

LACOMBE, J., (*orally.*) I shall not determine this case upon any close analysis of mere phrase. I cannot escape the conviction that in the 362d paragraph it was the intention of congress to cover, and that they have used the proper words for covering, generally and comprehensively, manufactures of wool, whether they were made of wool by one step or by two, and that from that general class are to be differentiated only such other cases as they elsewhere refer to. In *Elliott* v. *Swartwout*, 10 Pet. 137, there was such differentiation by the express use of the words "manufactures of worsted." The use of that phraseology, coupled with the testimony in that case, as to the trade meaning of worsted, enabled the court to find in it provision for another class of articles. Here, however, there is nothing in the tariff act covering the goods now before us except the provision as to manufactures of every description composed wholly or in part of wool. Inasmuch as there is no differentiation of any manufactures of shoddy, waste, or flocks, I am led to the conclusion that manufactures into which the last-named articles enter are enumerated only under paragraph 362. I am therefore constrained to direct a verdict for the defendant.